THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GERARDO GUARINO, PLAINTIFF IN ERROR.

Submitted May term, 1928—Decided September 27, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the plaintiff in error, *J. Victor D'Aloia.*

For the defendant in error, *Orville V. Meslar,* prosecutor of the pleas.

PER CURIAM.

The defendant was tried upon an indictment, which charged him, in three counts, with assault and battery, atrocious assault and battery and assault and battery with intent to kill one Michael Barone, at Netcong, Morris county, on September 8th, 1927. The defense consisted of a denial of the charge and an alibi. The jury rendered a verdict of "guilty as charged." The defendant was sentenced to state prison for a term of two years. The writ of error was sued out to review the conviction and sentence. The plaintiff in error files nine assignments of error and nine reasons for a reversal, which are identical. The points are argued under two heads in the defendant's brief—numbers six, seven and nine, under the the first head, viz., error in the charge to the jury by the trial judge. These errors complained of are alleged to be in the following passages of the charge:

6. "If the cutting, the slashing or stabbing was done by some other person than the defendant, then you ask the question, whether or not you are satisfied from the evidence, beyond a reasonable doubt, that the defendant was present and aiding and abetting in the commission of the crime

charged in the indictment? And after you have considered all of that evidence, and answered those questions, you will go further, and you will then take up the question of whether or not the defendant has satisfied you from the evidence he introduced that he was not present at the time and place charged by the state."

7. "The burden of proving the defendant's presence elsewhere than at the place and at the time charged in the indictment is not upon the state, that is a defense which the defendant interposes, and his testimony, and all the testimony introduced on his behalf, is put to you to say whether or not you believe it, because you are the sole judges."

9. "Now, if you believe from the evidence introduced in support of this alibi that the defendant was not present at the time and place charged by the state, then the defendant is said to have established his abibi, and you are the sole judges from all of the testimony so introduced, as to whether or not he has established to your satisfaction the proof that he was not present at the time and place charged in the indictment."

The argument is, that under such cases as *State* v. *Sherlock*, 60 *N. J. L.* 31; *State* v. *Parks*, 96 *Id.* 360; *State* v. *Sahazian*, 98 *Id.* 430, the burden was placed on the defendant to prove his absence by a preponderance of evidence, he was thereby deprived of the benefit of reasonable doubt. Not so, as we read the excerpts of the charge complained of in connection with the whole charge, which is the accepted rule, viz., the charge must be read as a whole. *State* v. *Tachin*, 92 *Id.* 269; *State* v. *Randall*, 95 *Id.* 452.

Thus, the court said: "The burden of so proving the defendant guilty rests upon the state throughout the whole case and never shifts. This rule is the ultimate one surviving all others, and it is an independent and final protection of the defendant, and, notwithstanding all other presumptions and burdens, if any arise in this case, it remains upon the state until and after all the evidence is in, and then the jurors must consider upon all the evidence in the case, whether or not this burden has been sustained."

In addition to this excerpt from the charge, the court in three other places charged the jury, that the state must prove the defendant guilty beyond a reasonable doubt, or they must be "satisfied beyond a reasonable doubt from the evidence that the defendant was present," &c. The court at the close of the charge also said: "Now, you will take this testimony and all of it, and guided by the rules of law which I have laid down arrive at your verdict, and if you are so satisfied from all the evidence beyond a reasonable doubt of the guilt of the defendant, your verdict will be guilty, and if you are not satisfied, then, of course, your verdict will be not guilty."

We find no error in the charge. The other points argued for a reversal, viz., the court should have directed a verdict of acquittal, the verdict is against the weight of the evidence, are without merit and call for no extended discussion.

The judgment of the Morris County Quarter Sessions is affirmed.